

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

---

Rod J. Rosenstein
United States Attorney

P. Michael Cunningham
Assistant United States Attorney

36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201

DIRECT: 410-209-4884
MAIN: 410-209-4800
FAX: 410-962-3091
TTY/TDD: 410-962-4462
michael.cunningham@usdoj.gov

June 26, 2012

<u>Via email and hardcopy</u>

Douglas R. Miller, Esquire
Assistant Federal Public Defender
Office of the Federal Public Defender
100 South Charles Street, Tower II, Suite 1100
Baltimore, Maryland 21201

    Re:    *Unites States v. Craig A. James*
           Criminal No.:  BEL-12-0034

Dear Mr. Miller:

      This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by close of business on June 1, 2012, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

      1.    The Defendant agrees to plead guilty to Count One of the Indictment charging him with Distribution of Child Pornography, in violation of 18 U.S.C. §§2252(a)(2) and (b). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

### Elements of the Offense

      2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

          a.    The Defendant knowingly distributed a visual depiction;

          b.    The depiction was shipped or transported in and affecting interstate

or foreign commerce by any means, including computer;

  c. Producing the visual depiction involved using a minor engaged in sexually explicit conduct;

  d. The depiction is of a minor engaged in sexually explicit conduct; and

  e. The Defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

## Penalties

3. a. The maximum sentence provided by statute for the offense to which your client is pleading guilty is as follows: imprisonment for not less than five (5) years and not more than twenty (20) years, followed by a term of supervised release of not more than life and a fine of up to $250,000. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

  b. The Defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

## Waiver of Rights

4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

  a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

2

be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

    c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

    d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

    e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

    g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

    h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

<u>Advisory Sentencing Guidelines Apply</u>

  5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing

Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant understand, agree and stipulate to the Statement of Facts as set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors

    a. <u>Guideline Calculation</u>

        (i) The base offense level is twenty-two (22) pursuant to U.S.S.G. §2G2.2(a)(2).

        (ii) Pursuant to U.S.S.G. §2G2.2(b)(2), there is a two (2) level increase because the depictions involved prepubescent minors or minors under the age of twelve (12).

        (iii) Pursuant to U.S.S.G. §2G2.2(b)(3)(F), there is a two (2) level increase because the offense involved distribution.

        (iv) Pursuant to U.S.S.G. §2G2.2(b)(6), there is a two (2) level increase because the distribution involved the use of a computer.

        (v) Pursuant to U.S.S.G. §2G2.2(b)(7)(B), the number of images exceeds 600, so five (5) levels are added.

        (vi) This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon your client's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of your client's acceptance of personal responsibility for his conduct. This Office may oppose *any* adjustment for acceptance of responsibility if your client (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office or the United States Probation Officer; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

Thus, the final anticipated base offense level is **30.**

4

7.      The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

8.      This Office and the Defendant agree that, with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in Chapters 2, 3, 4 or 5 of the United States Sentencing Guidelines will be raised or are in dispute. The Defendant reserves the right to argue, under the authority of 18 U.S.C. § 3553, that the guideline calculation and any adjustments thereto are not rational or empirically supported by accurate data.

### Obligations of the United States Attorney's Office

9.      The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of **72 months incarceration**, is the appropriate disposition of this case. The Government will recommend a term of supervised release of ten years, but this agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5). At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

10.     The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

### Waiver of Appeal

11.     In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

    a.      The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

    b.      The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right

to appeal any term of imprisonment to the extent that it exceeds 72 months, (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below 60 months.

c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

12. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (I) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. §3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw his guilty plea or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

13. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any

6

sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Forfeiture

14. The defendant agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from his residence on place of employment on or about July 14, 2011, including but not limited to:

   a. one black and red HTC T-Mobile cell phone, S/N SHOBHT700129;
   b. one white T-Mobile SIM card, S/N TM9073;
   c. one Samsung SD card, S/N Y017F000042;
   d. one Silver Samsung T-mobile cellular phone, S/N RP1ZA64890H;
   e. one black with gray metallic trim Motorola BLUR T-Mobile cell phone, S/N J11ENE2T7V, including one Sandisk 2GB Micro SD Card;
   f. one black ASUS model U50F laptop computer, S/N 9CN0AS314921513;
   g. one black Lenovo model B560 laptop computer, S/N WB01630777;
   h. one white T-mobile SIM Card, S/N 8901260522023574956;
   i. one silver T-Mobile My Touch 3G slide phone case, S/N: SH0CEPS03204;
   j. one Grey and white Motorola cellular phone, SN:F73GJW28KV;
   k. one T-Mobile SIM card, S/N:8901260400028836599; and
   l. one blue Western Digital My Passport external hard drive, S/N WX71C70S6204T

### Entire Agreement

15. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
P. Michael Cunningham
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the attached Statement of Facts and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of either. I am completely satisfied with the representation of my attorney.

28 June 2012                      _____
Date                              Craig A. James

I am Mr. James' attorney. I have carefully reviewed every part of this agreement, including the attached Statement of Facts and the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

6/28/12                           _____
Date                              Douglas R. Miller, Esq.

8

<u>Attachment A – Statement of Facts</u>

*The United States and the defendant stipulate and agree to the following facts that the United States would have proven beyond a reasonable doubt had this case proceeded to trial. They further stipulate and agree that these are not all of the facts that the United States would have proven had this matter gone to trial.*

The defendant, Craig Allen James, born 1988, was, until May 2012, a resident of Ft. Meade, Maryland. Until May 11, 2012, he was an active duty enlisted member of the United States Air Force assigned to that military installation. In or about May 2011, he became the subject of an investigation into the possession and distribution of child pornography.

On May 3, 2011, Maryland State Police was conducting an online undercover investigation to identify people possessing and sharing child pornography via a peer-to-peer file sharing program that allows individuals to receive and make available to others files on their computer. Using commonly known search terms to preliminarily identify files that might contain child pornography – such as "PTHC" [pre-teen hard core] – he identified a suspect IP address 98.231.229.134, which was open and freely sharing files on the network. An undercover officer browsed the files available from this suspect IP address and determined that 72 files had naming conventions indicative of child pornography. He downloaded from the suspect IP address 23 files – images and videos – including the following specific files:

1. "French Prostitute Boy 12Yo Cum Full (Illegal Underage Cum Porno Gay Young Naked Nude Teen Boys Pedo).mpg"
2. "Bibcam Webcam – 12yo Richard and Dog.avi"
3. "(????)Bibcam-12yo Suck Sweet10Yo New! (2boys) (kdv rbv russian).mpeg"
4. "bibcam - 2 12yo boys jo ~ Leder 04.avi" and
5. "Bibcam - 15yo Boy fucks – cums on 10yo (pthc pedo gay).mpg"

A subsequent review of all the files downloaded confirmed the files depicted children who appeared to be under the age of 16 engaging in sexual conduct or in a state of sexual arousal. The

1

third of the above files is a video in which a prepubescent male approximately 10 years old performs oral sex on another prepubescent male of about 10 years. The fourth of the above files is a video of 2 minutes 15 seconds in which two prepubescent males of about 9 years are masturbating their erect penises. The fifth of the above files is a video of more than 7 minutes depicting to males of about 15 years and 9 years in which the younger masturbates and performs fellatio on the older boy then the older boy inserts his erect penis in the anus of the younger boy, concluding with him ejaculating.

On or about July 14, 2011, a search was conducted of the defendant's dormitory room on Ft. Meade as well as his computers and digital media storage devices. That search resulted in the discovery of the first two of the above identified files on the defendant's personal computer, as well as other images of child pornography. In addition, he admitted to having received and shared child pornography via the Internet, which he possessed on his computers.

The above referenced conduct occurred while the defendant was residing in Maryland at Ft. Meade and involved the use of the Internet to exchange the images.

28 June 2012
Date

Craig A. James

6/28/2012
Date

Douglas R. Miller, Esq.